UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS WARREN BUFORD,<br><br>                    Plaintiff,<br><br>         v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. C15-0844-TSZ-MAT<br><br>REPORT AND RECOMMENDATION RE:<br>SOCIAL SECURITY DISABILITY<br>APPEAL |

Plaintiff Curtis Warren Buford proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1968.[1] He has an vocational degree in computer electronic engineering and previously worked as a pizzeria shift manager and deliverer, photo processor, convenience store cashier, and concrete laborer. (AR 61-62, 206.)

Plaintiff filed concurrent applications for SSI and DIB in August 2009, alleging disability beginning November 1, 2005.[2] (AR 98, 174-82.) His applications were denied at the initial level and on reconsideration, and he timely requested a hearing. (AR 104-11, 113-25.)

On June 14, 2011, ALJ Verrell Dethloff held a hearing, taking testimony from Plaintiff and Plaintiff's friend. (AR 58-89.) On September 2, 2011, the ALJ issued a decision finding Plaintiff not disabled. (AR 28-50.)

Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on March 28, 2013 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court, which found reversible error in the ALJ's failure to obtain vocational testimony to assess the effect of reaching limitations on the light occupational base, but affirmed the ALJ's adverse credibility determination and assessment of the challenged medical opinions. (AR 737-56.)

On remand, the ALJ held a second hearing on November 13, 2014, and took testimony from Plaintiff, Plaintiff's fiancée, and a vocational expert (VE). (AR 632-87.) The ALJ subsequently entered a decision finding Plaintiff not disabled. (AR 604-22.) Plaintiff now seeks judicial review.

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

[2] Plaintiff subsequently amended his onset date to December 11, 2008. (AR 70.)

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not worked after the alleged onset date. (AR 607.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's degenerative disc disease of the lumbar spine, mild degenerative joint disease of the right glen humeral joint, mood disorder, personality disorder, and substance abuse in remission. (AR 607.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 607-09.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but he can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He cannot climb ladders, ropes, or scaffolds. He can occasionally use his right upper extremity for overhead reaching. He should avoid concentrated exposure to vibration and operation of hazardous equipment. He can perform simple and some detailed tasks. He cannot interact with the public, and can work in proximity to, but not coordination with, co-workers. (AR 609-20.) With that assessment, the ALJ found Plaintiff unable to perform his past relevant work. (AR 620.)

The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to

1  the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to
2  work that exists in significant levels in the national economy.  With the assistance of a VE, the
3  ALJ found Plaintiff capable of performing other jobs, such as electronic accessories assembler,
4  small products assembler, and inspector hand packager.  (AR 620-21.)

5        This Court's review of the ALJ's decision is limited to whether the decision is in
6  accordance with the law and the findings supported by substantial evidence in the record as a
7  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more
8  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable
9  mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747,
10 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the
11 ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954
12 (9th Cir. 2002).

13       Plaintiff argues the ALJ erred in assessing various medical opinions, and in assessing his
14 RFC.   The Commissioner argues the ALJ's decision is supported by substantial evidence and
15 should be affirmed.

16                                Medical Opinion Evidence

17       Plaintiff challenges the ALJ's assessment of opinions provided by examining
18 psychologist Luci Carstens, Ph.D.; examining psychologist Holly Petaja, Ph.D.; examining
19 physician Gregory Sanders, M.D.; treating physician Thomas Tocher, M.D.; treating physician's
20 assistant Gary Draper, PA-C; treating urgent care clinician Allen Tu, PA-C; and non-examining
21 physician Trula Thompson, M.D.  The Court will address each disputed opinion in turn.

22 Legal Standards

23       In general, more weight should be given to the opinion of a treating physician than to a

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 4

non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

A. <u>Dr. Carstens</u>

Dr. Carstens examined Plaintiff in December 2009, December 2010, January 2012, and December 2013, and completed DSHS form evaluations on each occasion. (AR 420-30, 539-48, 953-58, 1094-1100.) The ALJ explicitly discounted Dr. Carstens' first, third, and fourth opinions (AR 618-19), but did not weigh the second opinion. Plaintiff argues that the ALJ's reasoning as to the first, third, and fourth opinions is not specific and legitimate, and that the ALJ

erred in failing to discuss the second opinion.

### Dr. Carstens' First, Third, and Fourth Opinions

The Court finds that the ALJ's rationale as to Dr. Carstens' first, third, and fourth opinions is specific and legitimate. The ALJ noted that in December 2009, Dr. Carstens did not have access to any of Plaintiff's records to review, and referenced only his self-reported symptoms as the basis for her conclusions. (AR 618 (referencing AR 420, 423, 426).) As the ALJ discounted Plaintiff's credibility, and Plaintiff does not challenge that finding, the ALJ was entitled to discount Dr. Carstens' opinion to the extent that she relied on Plaintiff's subjective self-reporting. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

The ALJ also found that Dr. Carstens' December 2009 opinion was contradicted by another examining psychologist's opinion. (AR 618 (referencing AR 386-97).)  This is another specific, legitimate reason to discount Dr. Carstens' opinion.[3]  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding that contrary medical opinions "serve as additional specific and legitimate reasons to disregard" disputed medical opinions).

The ALJ went on to find Dr. Carstens' January 2012 opinion inconsistent with some of her examination notes, as well as reliant on Plaintiff's non-credible self-report. (AR 618.) The Court again finds that Dr. Carstens' opinion report suggests reliance on Plaintiff's non-credible self-report to a large degree. Dr. Carstens' section regarding Plaintiff's "soci-emotional functioning" consists of a summary of Plaintiff's self-reported symptoms. (AR 956-57.) Dr. Carstens also recorded Plaintiff's own summary of his social functioning (AR 954) and found that he would "have marked difficulty in his ability to maintain effective interpersonal

---

[3] Plaintiff argues in his reply brief that the ALJ provided only one reason to discount Dr. Carstens' first opinion, but he is mistaken. Dkt. 13 at 2.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

relationships both on and off the job due to his emotional issues[,]" which the ALJ reasonably found to be inconsistent with Dr. Carstens' note that Plaintiff had maintained a romantic relationship for 6-8 months and lived with friends.  (AR 618, 954.)  The ALJ provided specific, legitimate reasons to discount Dr. Carstens' third opinion.

Turning to Dr. Carstens' fourth opinion, from December 2013, the ALJ discounted the opinion because the ALJ noted that Dr. Carstens' acknowledged that Plaintiff's self-reported symptoms suggested "it is possible that the clinical scales may overrepresent or exaggerate the actual degree of psychopathology."  (AR 619 (citing AR 1098).)  The ALJ found that this possibility was likely under the circumstances of this case, because Plaintiff did not consistently pursue mental health treatment and denied symptoms altogether at times.  (AR 619.)  The ALJ also noted that Dr. Carstens opined that Plaintiff had marked limitations in his ability to communicate effectively or maintain appropriate behavior, but that these opinions were contradicted by Plaintiff's ability to communicate "with a variety of medical professionals, friends, and significant others in the record without any apparent difficulty."  (AR 619 (citing AR 1096).)  Plaintiff cites his own self-report and his fiancee's testimony as supporting Dr. Carstens' opinion (Dkt. 11 at 8-9), but because Plaintiff does not challenge the ALJ's rejection of either his own testimony or his fiancee's testimony, Plaintiff does not show error in the ALJ's interpretation of the evidence.

Dr. Carstens' Second Opinion

The Commissioner argues that the ALJ considered Dr. Carstens' second opinion, because she referenced Dr. Carstens' December 2010 findings at step three and thus did not entirely overlook this report.  Dkt. 12 at 4 (citing AR 608).  The Commissioner contends that it was not necessary for the ALJ to specifically weigh each opinion because the ALJ provided "detailed

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 7

reasons for rejecting Dr. Carstens' overall impression of Plaintiff's condition, specifically referencing Dr. Carstens' most recent and therefore most probative opinion." Dkt. 12 at 4. The Commissioner cites no authority indicating that the ALJ need not indicate why he or she rejected a medical opinion that, as here, conflicts with the RFC assessment. The Court is aware of authority holding the opposite. *See, e.g.*, Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

The prior ALJ decision also failed to weigh Dr. Carstens' second opinion (AR 44-45), and although Plaintiff noted this omission in his brief to the Appeals Council (AR 279), Plaintiff did not identify this error in his prior appeal. *See* Pl.'s Br., *Buford v. Colvin*, Case No. 2:13-900-RSL-JPD (W.D. Wash. Aug. 30, 2013), ECF No. 15 at 1 (listing assignments of error). This error lived on in the second ALJ decision, because the prior ALJ's findings as to medical opinion evidence were not disturbed by the Court and were included verbatim in the second ALJ decision. (AR 739-51.)

That this error was not identified earlier results in an unfortunate inefficiency, but the Commissioner made no effort to show that the error should not be corrected at this time. Accordingly, this case should be remanded for the ALJ's consideration of Dr. Carstens' December 2010 opinion.

B.   Dr. Petaja

Dr. Petaja examined Plaintiff in January 2014, after reviewing Dr. Carstens' January 2012 opinion and medical records from October 2011 and October 2013. (AR 1249-52.) Dr. Petaja's conclusions read as follows:

> The claimant's ability to understand, remember, and follow short, simple

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 8

> instructions is likely within normal limits.  Memory appeared variable.  He was able to recall 1 of 3 objects after a delay.  Sustained concentration and persistence is limited.  Claimant was able to spell the word world forward but not backward correctly.  He was able to complete serial 7s with one error.  Self-care is generally handled independently and efficiently.  Claimant reports that he is able to sustain attention for only a few minutes.  Social interaction and interpersonal relationships are significantly limited by mental health symptoms.

(AR 1252.)  The ALJ found that Dr. Petaja's opinion as to concentration, persistence, and social interaction was based "entirely on the claimant's subjective reports and his performance on the [mental status examination].  Given the significant credibility issues discussed above, including secondary gain, and his history of testing manipulation as cited by Dr. Meinz, I do not find the conclusions of Dr. Petaja well grounded."  (AR 619-20.)  The ALJ also found Dr. Petaja's description of Plaintiff's mental symptoms to be inconsistent with the record.  (AR 620.)  For these reasons, the ALJ gave minimal weight to Dr. Petaja's opinion.

Plaintiff argues that the ALJ erred in finding Dr. Petaja's opinion to be based on Plaintiff's self-report, but a review of Dr. Petaja's opinion suggests otherwise.  Dr. Petaja specifically references Plaintiff's reported attention deficits (AR 1252), and her "diagnostic impressions" consist almost entirely of a record of Plaintiff's reported symptoms (AR 1251-52).  Given that Plaintiff does not challenge the ALJ's adverse credibility finding, and Dr. Petaja does appear to have relied on Plaintiff's subjective self-reporting, the ALJ was entitled to discount Dr. Petaja's opinion to that extent.  *See Bray*, 554 F.3d at 1228.

C.   Dr. Sanders

Dr. Sanders examined Plaintiff in June 2010, and opined that Plaintiff was limited to sedentary work based on his lumbar degenerative disc disease and radiculopathy, cervical osteoarthritis, depression, and chronic pain syndrome.  (AR 530-35.)  The ALJ gave no weight to this opinion, citing an examining neurologist's conclusion that Plaintiff does not have lumbar

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 9

spine radiculopathy, as well as Plaintiff's "relatively normal exam findings" a month before Dr. Sanders' examination and his report that he was "happy with his pain control regimen." (AR 616.) The ALJ also noted that Dr. Sanders found Plaintiff to be in no acute distress (AR 519), yet Plaintiff rated his pain as a 7 on a 10-point scale and presented with dramatically restricted range of motion (AR 534). (AR 616.)

Plaintiff argues that the neurologist's finding that he does not have radiculopathy is not "determinative." Dkt. 11 at 11. A finding need not be "determinative" in order to be contradictory, however, and an ALJ does not err by pointing to contradictory medical evidence, when discounting a medical opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record). This is a specific, legitimate reason to discount Dr. Sanders' opinion.

Plaintiff also contends that his symptoms fluctuated, and that explains why he was doing well the month before his visit to Dr. Sanders. Dkt. 11 at 11. Plaintiff's offer of a alternate interpretation of the record does not establish that the ALJ's interpretation of the record is unreasonable, however. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld. In reaching his findings, the law judge is entitled to draw inferences logically flowing from the evidence.").

Finally, Plaintiff argues that Dr. Sanders' description that Plaintiff was in "no acute distress" is unrelated to whether he has a serious impairment. Dkt. 11 at 11. The Court agrees that this reason is not legitimate, but this erroneous reason is harmless in light of the ALJ's other proper reasons. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

D.  Dr. Tocher

The ALJ discounted a form opinion provided by Dr. Tocher in June 2011, finding it inconsistent with examination findings and unsupported by imaging studies, as well as based on Plaintiff's subjective reports of pain. (AR 617 (citing AR 565-68.) This opinion was previously addressed by this Court, and the Court affirmed the ALJ's reasons to discount Dr. Tocher's opinion. (*See* AR 746-47 (referencing AR 43).) The current ALJ decision incorporates in its entirety the prior ALJ's rationale with respect to Dr. Tocher, and thus the Court should not revisit this issue, as it is now the law of the case. *See Herrington v. Cty. of Sonoma,* 12 F.3d 901, 904 (9th Cir. 1993); *Ischay v. Barnhart*, 383 F.Supp.2d 1199, 1214-15 (C.D. Cal. 2005).

E.  Mr. Draper

Mr. Draper completed DSHS forms in November and December 2011, indicating Plaintiff's workplace restrictions. (AR 959-62, 970-73.) The ALJ discounted Mr. Draper's opinions to the extent that he indicated Plaintiff was limited to sedentary work, finding the opinions inconsistent with the record (specifically Mr. Draper's diagnosis of radiculopathy, which was not found by Plaintiff's treating physician or evident in imaging), and unsupported by Mr. Draper's own clinical notes (which reference poor effort on strength testing and Plaintiff's failure to take pain medications for 8-10 weeks during a time that he rated his pain as a 9 out of 10-point scale). (AR 617.)

The ALJ's reasons are germane, because the ALJ identified specific medical evidence that contradicts Mr. Draper's opinions, and pointed to aspects of Mr. Draper's clinical notes that cast doubt on the reliability of Mr. Draper's testing, namely Plaintiff's poor effort on strength testing and his failure to take pain medications for a significant amount of time despite ongoing pain. Plaintiff argues that the ALJ did not emphasize that his poor effort was due to "guarding

against pain[,]" (Dkt. 11 at 12), but the ALJ did mention this aspect. (AR 617 ". . . Mr. Draper also noted poor effort on strength testing due to guarding.").) Plaintiff also argues that his inability to access healthcare explains why he did not take pain medications (Dkt. 11 at 13), but the record does not refer to this rationale. (*See* AR 1067 ("2 to [2.5] months without pain meds.").)

F.   Mr. Tu

Plaintiff visited Mr. Tu's clinic for purposes of a DSHS physical evaluation in December 2013. (AR 1112-13.) Mr. Tu found Plaintiff to be "severely limited," meaning that he is unable to meet the demands of sedentary work. (AR 1105-07.) The ALJ assigned Mr. Tu's form opinion "minimal weight" due to a lack of objective evidence supporting the conclusion, and Mr. Tu's reliance on Plaintiff's non-credible self-report. (AR 617.)

These are germane reasons to discount Mr. Tu's opinion. Mr. Tu did not cite clinical findings that explain why he found Plaintiff to be "severely limited," and instead references Plaintiff's self-reported symptoms. (AR 1112-13.) The ALJ properly discounted Plaintiff's credibility, and Plaintiff does not challenge that finding. Accordingly, the ALJ was entitled to discount Mr. Tu's opinion. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

G.   Dr. Thompson

Dr. Thompson reviewed some of Plaintiff's records for purposes of his application for Medicaid. (AR 418.) Dr. Thompson approved Plaintiff's application, and found that he "may meet [Listing] 12.04 or may meet due to combined med and psych as unable to sustain [substantial gainful activity] for 1+ year duration." (*Id.*)

The ALJ rejected Dr. Thompson's opinion, finding that it was based on only a "limited review" of the record and that Dr. Thompson was not aware of evidence that contradicted the December 2009 evaluation report she reviewed. (AR 618.) These are specific, legitimate reasons to discount Dr. Thompson's opinion, because the ALJ's decision identifies evidence that contradicts the evidence reviewed by Dr. Thompson. (*See* AR 618 (referencing a contradictory psychological evaluation (AR 386-97).)

<u>RFC Assessment</u>

Plaintiff's argues that the ALJ failed to correctly assess his RFC for two general reasons. First, Plaintiff argues that some of the evidence suggests that he is more limited than the ALJ found. Dkt. 11 at 16-18. With the exception of Dr. Carstens' second opinion (which Plaintiff does not cite as evidence inconsistent with the RFC assessment), Plaintiff has not established that the ALJ erred in assessing the medical opinion evidence regarding his functionality, and does not establish that the ALJ's RFC assessment is erroneous based on Plaintiff's presentation of an alternate interpretation of the evidence.

Second, Plaintiff argues that the ALJ erred in finding that he did not require a cane to ambulate. The ALJ specifically rejected Plaintiff's allegations that he required an assistive device, finding that all of the cane prescriptions in the record were for a 30-day duration, and that the record does not even support a need for temporary use because the "examinations accompanying each of these prescriptions indicate that the claimant walked with a normal, non-antalgic gait and that the claimant required no assistive devices." (AR 614 (referencing AR 1356, 1358, 1364, 1366, 1372, 1374). Plaintiff argues that the fact that his physicians prescribed a cane for his ambulation over a ten-month period of time is sufficient, and that "[t]here can be no clearer evidence of medical necessity." Dkt. 13 at 4. Plaintiff does not cite, however, clinical

findings indicating that Plaintiff required a cane to walk: even the prescription that indicates Plaintiff requires a cane "to stabilize his gait" is accompanied by clinical findings that Plaintiff "walks with a normal, non-antalgic gait, requiring no assistive devices." *Compare* AR 1382 *with* AR 1384.  Every single treatment note generated by the Seattle Pain Center, the clinic that prescribed Plaintiff's cane, mentions that Plaintiff walks normally and does not require an assistive device.  (AR 1348-1402.)  Plaintiff has not pointed to medical documentation showing that he required the use of a cane, and thus has not established error in the ALJ's finding that he did not require a cane.  *See* SSR 96-9p, 1996 WL 374185, at *7 (Jul. 2, 1996) (setting forth the requirements for establishing medical necessity for an assistive device).

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will

/ / /

/ / /

/ / /

/ / /

be ready for consideration by the District Judge on **January 22, 2016**.

DATED this 6th day of January, 2016.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 15